**Frank CHAMBERS, C–8728, Appellant,**

v.

**Joseph BRIERLEY, Superintendent, State Correctional Institution, Pittsburgh, Pennsylvania.**

**No. 71–1573.**

United States Court of Appeals, Third Circuit.

Submitted March 24, 1972.

Decided May 8, 1972.

Frank Chambers, pro se.

J. Kent Culley, Asst. Dist. Atty., Pittsburgh, Pa., for appellee.

Before SEITZ, Chief Judge, and ADAMS and HUNTER, Circuit Judges.

OPINION OF THE COURT

PER CURIAM:

Appellant was found guilty in the criminal courts of Allegheny County, Pennsylvania, and sentenced on charges of armed robbery and receiving stolen goods. Although no direct appeal was taken, he subsequently attacked his conviction in collateral proceedings in both state and federal courts. On a number of previous occasions habeas corpus relief was denied.

In the instant case, appellant's habeas petition, filed in the Western District in January of 1971, alleges:

1) that the state and federal courts failed to grant full and fair hearings on certain factual issues; and

2) that he was denied the effective assistance of counsel because of counsel's failure to conduct a pre-trial investigation into certain facts as well as his absence during the charge to the jury.

In a memorandum opinion filed on February 11, 1971, the District Court denied appellant's Petition for a Writ and his Motion for a Certificate of Probable Cause on the basis that these very allegations had already been reviewed by another judge of the Western District as well as by this Court. We granted appellant's Motion for a Certificate and Leave to Proceed on Forma Pauperis.

 Initially, it is erroneous to suggest, as does appellant, that he has not had his day in court.[1] Nor is there any indication whatsoever that the various hearings held below were anything but fair and dispositive of the issues raised. Finally, appellant does not indicate what "material facts" were not developed at any of these hearings or how these "facts" bear on his case.

Appellant's claim of denial of effective assistance of counsel is equally without merit. Our review of the record as a whole convinces us that appellant's representation was equal to the standard of "normal competency" mandated by this Circuit in Moore v. United States, 432 F.2d 730 (3d Cir. 1970).

The order of the District Court will be affirmed.

[1]. Chambers attacked this conviction in a state habeas action alleging, *inter alia*, the failure of the Commonwealth to call a witness at trial, that he was never informed of the crime with which he was charged, and that he was not represented by counsel at his preliminary hearing. The petition was dismissed without a hearing. In July of 1966, appellant filed a petition pursuant to the Pennsylvania Post Conviction Hearing Act, 19 P.S. §§ 1180–1 to 1180–14, raising various issues, the Court again denying the petition without a hearing. This decision was appealed to the Pennsylvania Superior Court and was affirmed Per Curiam. The Pennsylvania Supreme Court, however, granted allocatur and remanded for an evidentiary hearing on the specific issue of Chambers' right to appeal. The trial court subsequently permitted appellant to file a direct appeal *nunc pro tunc*. The appeal was filed in the Supreme Court and that court gave appellant the right to file *nunc pro tunc* post trial motions. The motions were heard at the trial level and dismissed. This order was also appealed to the Superior Court which affirmed the Judgment of Sentence Per Curiam, 216 Pa.Super. 801, 264 A.2d 196 (1970). The Pennsylvania Supreme Court denied allocatur on May 8, 1970.

Petitioner's actions in the federal courts began with a habeas action filed in the Western District July 2, 1970, Civil Action No. 70–778. Relief was denied. We denied his Motion for Certificate of Probable Cause and Leave to Proceed *in forma pauperis* on November 2, 1970. Appellant then sought habeas relief in the instant case, Civil Action No. 71–11, raising the same issues as in 70–778.